UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>United States</u>

    v.                    Case No. 09-cr-96-01-SM

<u>Serge Bayard</u>


    Re: Document No. 55, Motion to Restrain the U.S. Marshal's Office

    Ruling:  The motion is denied, but without prejudice and with the following observation.  The objection seems to read more into the motion than is actually there.  Defendant says that he is being detained in the Merrimack County House of Corrections as a federal prisoner awaiting sentence; that the Merrimack County Sheriff has in place and is willing to follow a well-established procedure that affords inmates, including him, access to the New Hampshire Supreme Court Library; that he has had such access in the recent past; and that the United States Marshal's Office has essentially vetoed his participation in that well-established program.  The prosecution objects to the motion, seemingly on grounds that the Marshal's Office should not be directed to transport defendant to the New Hampshire Supreme Court Library, nor maintain custody over him while he uses the library.  But that is not relief that defendant expressly seeks.  There is no legal prohibition against affording a detainee liberal access to a law library, beyond what is minimally required by the Constitution.  If Merrimack County has a program as described by defendant, it is difficult to see, on this record, why he should be denied its benefits.  That is not to say there could be no legitimate reasons to deny his request to participate, but only that the prosecution has not identified any relevant reason.  The United States Marshal is not asked to transport of supervise defendant, and no other objection is asserted.  Presumably, if a program as described by defendant if fact exists, and the only objection to his participation is that raised by the prosecution (federal transportation and supervision burdens), he will be allowed to participate.  If, on the other hand, the prosecution has accurately anticipated the real issues at stake, and defendant would have to be transported and supervised by Deputy Marshals, then the motion would be denied for the reasons outlined in the prosecution's objection.


Date: December 16, 2009

                                              Steven J. McAuliffe
                                             Chief Judge

cc: Serge Bayard, pro se
    Donald Kennedy, Esq.
    Donald Feith, Esq.
    U.S. Marshal