```
                   UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

United States of America,
      Government

      v.                          Criminal Case No. 09-cr-96-1-SM

Serge E. Bayard,
      Defendant


**O R D E R**


Defendant, at this late date, moves to recuse the undersigned from presiding over his criminal case.  While there is little left to do, trial and sentencing having been completed, judgment entered and post-trial motions mostly addressed, it is still possible that further proceedings may occur, so the motion is not moot.

Transcripts are not currently available, but the court accepts defendant's assertion that he was offered an opportunity, before trial, to have a different judge assigned, which he declined.  That is generally this judge's practice without regard to whether recusal is required under applicable law, when likely witnesses or people involved in relevant events are known to me.  Defendant says that, in hindsight, he should have accepted the court's offer, and now moves for recusal on the merits.

His proffered grounds are that among my "close friends and acquaintances," is "one Arthur Perkins, attorney for the complainants" [i.e., the victim Estate of Dorothy Shovan].

Presumably, defendant moves for recusal pursuant to 28 U.S.C. § 455(b)(1) and 455(a).  Section 455(b)(1) is not applicable as defendant has proffered no compelling evidence of actual bias or prejudice.  See Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000).  And, defendant's motion does not sufficiently allege any facts that would warrant recusal under either Section 455(b)(1) or 455(a).  As is generally the case in small states, judges and lawyers are familiar with one another. Mr. Perkins is a New Hampshire attorney roughly of the same generation as the undersigned, and I have been acquainted with him, on a friendly basis to be sure, for quite some time, but not as a "close friend."  That is, we do not routinely or regularly socialize, have not visited each other's homes, or gone out to dinner, or traveled together, and have not worked together or been partners.  Our mutual familiarity is both friendly and professional in a way that is hardly remarkable among New Hampshire lawyers and judges, given the collegial legal community that exists here.

No objectively reasonable person, fully informed of the relevant facts, would have reason to doubt my impartiality in

this case; In Re Boston's Children First, 244 F.3d 164 (1st Cir. 2001), certainly not based upon a typical familiarity with an attorney who happened to testify as a witness before a jury, at defendant's insistence, about matters of little relevance to the charges being tried.  Defendant was offered an opportunity to have a different judge preside, at his option, not because recusal was either required or warranted under the circumstances or under the appropriate legal standard, but simply as a courtesy intended to afford defendant as high a comfort level as he desired as he proceeded on what was plainly a self-destructive course of self-representation in a case where the defense seemed quite shaky.  Defendant declined the offer, for reasons satisfactory to him, and has not shown an adequate basis for recusal now.  Litigants cannot be permitted to engage in judge shopping simply by resort to baseless allegations of bias or the appearance of bias.

The motion (document no. 76) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 10, 2010

cc:  Donald A. Feith, Esq., AUSA
     Serge E. Bayard, pro se
     James W. Dennehy, Esq.
     U.S. Probation
     U.S. Marshal